Thank you. Alan Bloom on behalf of George Pardo. The stay and obey in this case, I think, of course, we're all in agreement, critically has to do with the Rines case. And in my review of the three prongs of Rines, this is a poster child for why the stay and obey should be ordered. First, as to the matters which are not really in dispute, as to whether or not the underlying issues or the grounds that were unexhausted and needed to be preserved were of merit. This has not been complained or asserted by anyone that it was not without merit. In fact, the grounds which were led, which were investigated and found after I came on to the case directly undermined the prosecution's case at the trial. Mr. Bloom, let me, can I ask you a question about the 2011 habeas petition, the second petition? Yes. What's its status right now? Its status is that we have filed it. It deals only with the unexhausted claim. Right. It is October 31st, 2012. There was an erratic correction to the file traverse, and the briefing has been filed in that. We have filed the AOB. Did the district judge, as I understood it, turn down a motion to dismiss that petition as untimely filed? Yes, but I think it also, my recollection is it turned it down at that time, but it left it open, I think. If that petition was timely, does it move this case? No, because in that case we lose the exhausted issue, the fourth issue, and that was my goal in the first place, to be able to raise the one issue which had been originally filed that was exhausted and the other three. The sentencing issue? Yes. Let's go back to that then. If this petition, the second petition, had been refiled one day after the state claims were exhausted. The second petition? Yes, the second petition, we wouldn't be here, would we? In other words, even absent the stay in abeyance, if the second petition, because the originally unexhausted claims were not turned down by the state court as untimely, but on the merits. That's correct. So you could have refiled everything and been timely had you been within the statute of limitations plus the tolling period, correct? That's correct. We may have been. That's what I'm asking. So if the second one was timely, are we wasting our time here? If you're going to rule the second one's timely. Well, it's not in front of us, but I assume that's an district that's pending in front of somebody. I know. And if you win on that issue, are we wasting our time here? I think Judge Hurwitz and I are on the same wavelength on this, and let me refine it just a bit. Isn't tolling in front of the second petition, isn't it a live issue? Yes. And does ruling on tolling moot the issues before us? If you win. Yes. If we win, it moots it as to the three exhausted issues. Why shouldn't we stay this and encourage the district court to rule on tolling? You mean stay this decision and not rule against until then? Right. I'm happy with that. What I couldn't deal with is a situation where I couldn't get inside the federal court doors because of one problem or the other, and I just couldn't risk my client's future when the underlying issues are so important to his case. And I felt, I mean, sometimes AEDPA and dealing with the timeliness and exhaustion is, to be perfectly frank, a lot has to do with counting the number of ferries you can fit on the head of a pin. Yes, we've been doing it for a long time. I know. And it's a call to the fluid situation. Get back to procedural, if you don't mind, for a second. Of course. I suppose the other thing to do would be to remand this case for the district court to consider both in conjunction with each other and present us with a complete package. Either you're going to be out on both or not. I mean, I suppose if this were remanded, you'd argue relation back or something, right? That's correct. Try to merge the cases. I'm happy with any of those matters that allows us to get to the heart of it. What I couldn't do and didn't know, and I've been practicing a long time, but this is a fluid area and a new area of law, and what do you do when one ends and the next one picks up? And the decision to grant, I mean, the R&R was written criticizing me for not having completed the proceedings in the California State Supreme Court when the California State Supreme Court had not yet even ruled on it. So there was nothing I could do until after that exhaustion had been done. We did receive a ruling on the merits. The only recent decision came from the Riverside Superior Court on April 1st. It decided that it denied the exhausted claims, but on the merits. It didn't do it on procedural grounds. The DCA postcarded it. The Supreme Court postcarded it. They didn't write any opinion with regards to it. So there wasn't any claim, and there isn't any claim that it was done on, we're going to be out of it because of procedural reasons. Right, right, and that means, as I understand it, that your statute of limitations was told during that time period. I would agree as well, Your Honor, but I just didn't. But you, and I understand the problem, and see if I'm right, that when the second habeas was eventually filed, it was late even with the tolling. It seems to me, the record seems to reflect that it was filed three days late. Is that right? To be honest, Judge, I wasn't prepared to address the precise claim of the second. My goodness. Yeah, it was in the briefing. I didn't learn it on my own. Okay. I do recall that there was an issue with regards. Yeah, here's what I'm getting to, and it's in line with all the questions you've been asked so far. Normally, we worry about a district judge denying a stay in abeyance because if the state claims turn out to be not timely, then there's not any tolling. Here, your claims turned out to be timely, and there was tolling. And so if the second petition was filed timely, we don't have a problem. If it wasn't, I guess I want to know why. I think the argument was raised that it wasn't filed timely as a result of when George, my client, became aware of sort of the seed of some of this investigation. And if we go back to that requirement of when he should have known or when he didn't. No, that's with respect to the first one. I understand what the district judge said there was, look, you didn't come and seek a stay in abeyance in a timely fashion because you – Put that aside for a second. Unless I'm wrong, and I'm asking you to correct me. The first habeas was filed within the one-year time period. Last day, I think, next to last day. Right. And it raised both exhausted and unexhausted claims. Correct. The district judge said, I'm not going to grant you a stay in abeyance. I'm going to dismiss this and go exhaust your claims. You did. And during that time period when you were exhausting, the statute of limitations stopped running. Yes. The question is, then you filed the second petition. Was that timely or not? I believe it's untimely as to the first or the fourth issue, but timely as to the now exhausted issue because it was clearly within the – It would have to be within a year plus whatever time was remaining on the year and plus the tolling period. Was it timely in that regard? I believe it was, but as to the three unexhausted, now newly exhausted issues, I think it was timely as to that. There is a claim with regards to that also that we were untimely, that it was untimely and unripe, and that was the position of the Attorney General on July 6th. And then on February 7th, 2012, the court in the second petition denied that motion. Right. That's what it was asking. Maybe the State can help us on some of these procedural matters. You're down to about a minute and a half if you want to reserve. Yes. We're from the State. May it please the Court, good morning. I'm Kevin Vienna, California Deputy Attorney General, here for appellee and respondent in this matter. Your Honor, with regard to your specific questions about timeliness of the second petition, as we believe it's not timely, absent, equitable tolling, or a later start date of the statute of limitations for the three claims that are in the second petition. And is that issue still pending before the district judge, or has the district judge decided that adversely to you? The district judge has decided that preliminarily adversely to us. We don't think that's a final ruling. If it were a final ruling, would this case now before us be moot? I think with the possible exception of the Cunningham claim that was raised in direct appeal, which addresses only a small portion of the sentence. But there were four claims in the first habeas corpus, in the habeas corpus petition, in the case that's before this Court now. Those claims involved the exhausted claim of a Cunningham claim, that is an improper imposition of an upper term sentence for the determinate 12-year portion of the sentence. And then three unexhausted claims having to do with ineffective assistance of counsel and alleged improper interrogation of Mr. Pardo by the police before trial. Only those three claims, apparently, only those three claims are in the petition that is in the district court now. Okay, they're just not raised in the second. The Cunningham claim is just simply not raised in the second petition? I believe that's correct, Your Honor. That's what Mr. Bloom was saying, too. Now I understand. Okay. So when your motion was denied without prejudice, what did you take that to mean? I'm talking about in the second case. I guess what I take it to mean is this. Mr. Bloom raised an equitable tolling argument, and raised an equitable tolling argument principally. We're talking about a matter of a few days. The petition in this case was filed one day in the federal court before the statute of limitations expired, absent a later start date or absent some tolling in that period that didn't occur. And he had tolling until the denial. At the same time he was pursuing state actions, the California Supreme Court denied his final state petition on May 11, 2011. And I don't know that that dates before this court in anything. I looked at the case file for that. Five days later on May 16, 2011, Mr. Bloom filed the habeas corpus petition there. So our position in the motion to dismiss was that he had a single day remaining. There are arguably five days there, perhaps four days there, that expired between the conclusion of state review and the filing of the second, or the habeas corpus petition in the second habeas corpus case in the district court. During that period of time the statute of limitations expired. I take the district court's ruling to mean largely this. Let's look and see, and this is not infrequent in the central district, let's look and see if this case is more easily resolved on the merits than having to hold perhaps an evidentiary hearing on four days of equitable tolling or an evidentiary hearing on whether there's a later start date for any of those three claims because of that delayed factual basis for the claim. Let's go back to the exhausted claim, what you call the Cunningham claim. What's your position on the exhausted claim? Well, we think that claim is very weak. No, not on the merits. I meant we're really only here on procedural issues. Well, if Mr. Bloom doesn't either succeed in this appeal or doesn't somehow get that matter back before the district court for consideration, I think that claim would be gone. So let's go back to the first decision the district judge made in this case, which was to deny the stay in advance and dismiss the petition as a mixed petition. Your Honor, I will answer your question, but I think to answer it requires a slight change of focus, and that's this. The district judge, Judge Carney, made only one decision in this case, and that was to dismiss the petition as mixed. And so far as I can see, the question of a stay was never before Judge Carney. But it was before the magistrate. Absolutely. Without dispute, it was before the magistrate. And in the course of the magistrate first ruled against the petitioner and then there was a motion for reconsideration, right? Yes, Your Honor. And in the context of the motion for reconsideration, Mr. Bloom alerted the court that the trial court in Riverside had decided the case on the merits, correct? I think I — And the court of appeals had postcarded it? I think it is accurate to say that he had presented information to the magistrate judge from which the magistrate judge could infer and probably did infer that he was engaged in exhaustion of claims in the state court throughout that period of time. Why isn't that good cause? Well, if I am engaged in exhaustion is good cause, then every request for a stay — He was in the bottom of the ninth inning with two strikes on the batter and a pitch coming. I think that we have incomplete guidance on what constitutes good cause. I think perhaps the best explanation or the best addressing of good cause is in this court's decision in Wooten. And what I draw from Wooten is this. We're not sure exactly what good cause is, but we know what it's not. And good cause is not a circumstance that could apply to every habeas petitioner in the state of California. And consequently, if good cause means I haven't begun to exhaust state remedies until the 11th hour or the ninth inning, I'm entitled to a stay. We don't believe that should be seen as good cause. That makes a determination of good cause routine or possibly routine. But the California courts permit this kind of filing, right? There are states in our circuit that establish firm timelines for filing a post-conviction relief. Without question. Not so in California. I don't dispute that at all, Your Honor. California's timeliness rule is imprecise or open. It says simply you must present your claims within a reasonable time or you must explain the reason for your delay. Right. And in California, he could have gone directly to the California Supreme Court. He could have. Unlike any other state in the United States. Unlike other states that I'm familiar with. But I think this case provides a useful illustration with regard to California's practice. And that is although the direct appeal in California was completed in 2008, and while that process took a year and a half to two years, and while habeas corpus petitions addressing the questions of ineffective assistance of counsel and matters outside the record could and should be filed while the direct appeal is pending, nothing was filed in the California court until August of 2009. And no California court has said that that was untimely. And that's really the question we're asking, I guess, is in California where it is entirely possible for a timely post-conviction review proceeding to be filed the day before the one year expires under AEDPA. What kind of guidance should we give district judges with respect to stays in abeyance? You can't say it's an untimely filing and, therefore, I'm going to deny your stay in abeyance. What do you do? Well, I think what should occur? Once again, if that is an overarching and dispositive concern, that is how the state courts will ultimately rule on timeliness, that also turns stays into routine matters for California petitioners because every petitioner, every prisoner in California who files a federal petition can say, I want this to be designated a protective petition under Pace v. DeGuglielmo. And the reason for that is because I can't know with complete certainty today whether some state court will deny the petition is untimely. It's a self-inflicted wound, isn't it? Well, certainly it adds a challenge to my practice, Your Honor. It's a terrific response, by the way. What I think would be required in order to warrant the stay is some sort of demonstration, either that the California courts are not accepting explanations for a delay, and certainly Mr. Bloom has provided explanations for his delay, or that as a matter of practice, no explanation is adequate, and that doesn't seem to be correct. And I think I'm struggling with the same issue that you referred to before, which is that we've given imprecise guidance. I'm not clear, other than saying whatever the district court does is okay, what your proposed guidance is on this one. Several of the district courts, no decision from the Ninth Circuit that I can see, and actually no decision, I can't think of a decision now from any other circuit, applies the standard that we think is the appropriate one, and that is the standard of cause in cause and prejudice determinations to avoid a procedural default. It's a pretty high standard, though. Well, it's some reason external to the defense that impeded their ability to raise the claim. That doesn't seem too high to me. That seems to me an appropriate standard around which district judges can be expected to, and I expect will, exercise appropriate discretion. Any further questions? Okay. Thank you. Thank you, Your Honor. The Wooten case was a situation where the appellant said that he had the impression that the matter was had been brought by the DCA from the DCA to the Supreme Court, and it was that general decision or his general feeling or impression that he thought it was done, is where Wooten comes in and says, no, that could apply to everything. Ours isn't that case at all. Ours is a situation where we made multiple, multiple efforts to advise the district court of what was going on, and there's very good reason why it couldn't have been filed by a young man sitting in jail without the ability, has a kernel of idea that a particular witness might be valuable, has no idea where it's going to lead, does what any defendant can do, tell his lawyer. The lawyer doesn't pursue it. We ultimately pursue it and find witnesses spread around the country as far away as Idaho and find out that the, under the main witness had lied and admitted that she was going to fabricate the story, came up with a medical doctor that showed that it wasn't that the, you know. The reason that we have the stay in abeyance rule is in effect to protect petitioners who may find out later that their filing was untimely and if they didn't get the stay in abeyance the statute of limitations would have run. That's not your case. Your filings in state court were timely. And so I'm trying to figure out if the district judge in this case, and God knows what the district judge concluded, but the district judge could have looked at your filings and said, oh, those are plainly going to be timely. You've got a great excuse. Mr. Bloom got on the case late. He didn't find out this stuff until later. I have no fear that the state court's going to turn you down as untimely. So I'm just going to deny your stay in abeyance. Go exhaust and refile. What's wrong with that? Well, first, you lose, of course, the chance to deal with the un-exhaust. Well, I don't know why you've lost the chance. He dismisses the petition without prejudice, and you refile it with the un-exhausted claim, with the Cunningham claim in it, within the statute of limitations, and you're fine. If I could be certain that later on that would be the case, then I would be happy with that. But I don't know that. But didn't you know that before the second petition? You knew by the time of the second petition that your state claims had been turned down on the merits, not as untimely, so you were fine. No, actually, I don't think the California Supreme Court decision had been completed by that date. No, but you had a trial court decision that said, in effect, you lose on the merits. You weren't untimely. Right. But couldn't the Supreme Court have made a ruling that it was procedurally defaulted because of untimely? Sure. And so, therefore – I mean, setting Robbins or one of the other cases, right? Sure. And California can go – in this case, we didn't go straight to the Supreme Court, as is allowed, but we went up kind of the chain of it. But at any one of those levels, that court could have anew said, no, you're no longer timely. But the state does have a point in saying, you file your state post-conviction remedies or request for relief the same as your federal, ask for a stay in advance. I mean, that's pretty late in the game, even for EDPA purposes, to start your state remedies. Well, Ryan says, is there a good cause for doing it? And I think in this case, we've provided that good cause, and repeatedly and in depth, and there's a lot – and the cause was good. And we ultimately know now – it's a little back – it's after the fact, but we ultimately know now the state court agrees they did not make a finding of untimeliness. Right. Although, I mean, I think I've certainly seen cases where, in recollection, where the state court might well have found them untimely. They could have in this case. You never can tell. I mean, don't buy a stock unless it goes up, and if it doesn't go up, don't buy it. I mean, that's after-the-fact reasoning. I don't know what's going to happen there. I know in this case that we got on the case. We saw some major errors. We pursued things. It took us a lot longer than it would have done trial counsel because the witness has gone to the wind, and we had to corral them back in. And those witnesses led to other witnesses, which led to other witnesses. And we found a very, very core piece of – several pieces of evidence that could have severely undermined the decision of the jury in this case and could have created a reasonable doubt. And that is lost – that was only done through the diligent work. I don't know why trial counsel didn't do it, but I do know it took us that long to do it, and it was good cause. I mean, we were working diligently on doing it. And to me, that fits right within the rhymes of the matter. Any further questions? Thank you both for your arguments. It presents some interesting questions. And the case just heard will be submitted for decision.
judges: Hawkins, Thomas, Hurwitz